## Lowey et al. v. Armes et al.

March 22, 1946.

834

Joseph M. Hayse and Nellie Hayse for appellants.

No appearance for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This equity action was filed in the Jefferson circuit court on December 21, 1943, by plaintiffs, and appellants, Evelyn Ruth Potter and Wilda Fay Potter, by their guardian, Irene Lowey, against appellees, Estil Armes and Pearl Armes, seeking to cancel and set aside a deed made by the father of the infants, Seldon R. Potter, to appellees by which he conveyed to them a lot in the city of Louisville, Kentucky, 60x107 feet on the north side of Mississippi Avenue and upon which was a residence occupied by the Potters and their two infant children. One of the children was born December 1, 1925, and the other on July 12, 1927.

Prior to April 17, 1940, Mrs. Potter, now Irene Lowey, filed an action in the same court seeking a divorce from her husband, Seldon R. Potter, which the court adjudged to her, and also gave her the custody of the two Potter children. Prior to the entry of judgment in that action the parties entered into a written agreement consenting that plaintiff therein should have the custody of the two children, and it was further provided. that the husband, who held the title to the house and lot, "shall convey by deed to ——— as trustee" the house and lot. It was then stipulated that the trustee should have the right and authority to sell the property "at the most favorable price possible, within the next six months following the date of this instrument." It was then provided that at the expiration of that period the trustee "shall report to the court the purchase price of the sale and account for all monies passing through his hands in the course or for the duration of his trusteeship." It was then stipulated:

"After the Trustee's commission and encumbrances

on the property have been paid off—50% to the defendant, Seldon Potter and 50% to the two children Wilda and Evelyn Potter, severally, through the public guardian, who shall account to the court.''

That agreement was incorporated into and made a part of the divorce judgment. It will be perceived that instead of conveying the property to a trustee to be disposed of by him in the manner set out in the agreement—which was made, as we have seen, a part of the judgment—the husband conveyed it directly to defendants and appellees on July 14, 1941, for a recited consideration of ''one dollar ($1.00) and other valuable considerations.''

The petition herein seeks a cancellation of that deed on the grounds that defendants possessed actual knowledge of the agreement as set out in the divorce judgment, and that the consideration as expressed in the deed was untrue, since the true one was, in part at least, the execution by defendants to Seldon R. Potter of three notes, one for $175, and two for $200 each, due in one, two and three years and each bearing interest from date, which plaintiff alleged was grossly inadequate and which defendants knew, and therefore, the sale was the result of fraud and collusion between Seldon R. Potter and defendants as his vendees.

Appellants also alleged in their petition that Seldon R. Potter, before his death on May 29, 1943, filed an action against appellees in the Jefferson circuit court to collect the purchase money notes, but died before any judgment was rendered in that action, but after answer filed relying on the foregoing facts for defense. It however, was revived in the name of S. R. Potter's administrator (he having died intestate) and later was stricken from the docket by an order stating ''Dismissed settled.''

The prayer of the petition in this case was, that the small payments—if any were made by defendants on the purchase price of the property—did not exceed the value of their use and occupation of it, and that the balance due Seldon R. Potter as half owner of the property under the agreement referred to, was inherited by the infant plaintiffs from their father. Plaintiffs also alleged that should the deed not be cancelled, and it was found to be free from fraud and collusion, and also that their father had the right under the agreement to

so convey the property—not to a trustee but by himself acting as such under the agreement—then they were entitled thereunder to one-half of the net proceeds of the sale, plus that part of their father's half that had not been paid to him at the time of his death, if any. The court sustained a demurrer to the petition, and plaintiffs amended it three times, but the court declined to permit any of the amendments to be filed. Plaintiffs then tendered and moved to file a substitute petition, setting out the facts above stated but in greater detail, which motion was also overruled and the court declined to permit it to be filed, followed by a dismissal of the action. From those orders this appeal is prosecuted.

We are clearly of the opinion that the court committed reversible error in sustaining the demurrer to the original petition, and also in refusing to permit the filing of the amendments thereto, and in rejecting the substituted petition and not permitting it to be filed. That conclusion is reached by us, without determining whether or not Seldon R. Potter substantially followed the terms of the agreement in disposing of the property himself without conveying it to a trustee to be disposed of by the latter as directed in the agreement. If defendants had actual notice of the terms of the agreement—as the pleadings of appellants alleged—then it is insisted they acted at their peril when they agreed for the payment of the entire consideration for the house and lot to Seldon R. Potter individually. But, whether so or not, the infant plaintiffs are in any event entitled to their half of the net proceeds from the sale of the lot, plus whatever remaining portion of their father's one-half, if any, that had not been disposed of by him at his death. It will, therefore, be seen that there are a number of formulae by which the rights of plaintiffs are to be determined, dependent upon the facts which the testimony should develop if defenses make issues requiring proof. But under the condition of the record, as brought here, we are unable to direct the judgment that should be rendered further than to hold that plaintiffs are entitled to a judgment declaring them to be one-half equitable owners of the house and lot, or should the sale by their father be upheld, then to a one-half interest in the net proceeds of the sale, dependent upon the facts to be developed by testimony heard, should issues be made by counter pleading.

Wherefore, the judgment is reversed with directions to overrule the demurrer to plaintiffs' petition and to permit them to file their tendered amendments thereto, and also their offered substituted petition, and for other proceedings not inconsistent with this opinion.